## STATE ex FISHER v SIMS, et

Ohio Appeals, 8th Dist, Cuyahoga Co

Nos 17253 & 17283. Decided June 23, 1939

W. P. Newton, Esq., Cleveland, for relator-appellee.

Paul H. Torbet, Esq., Cleveland, for respondents-appellants.

## OPINION

BY THE COURT:

Appeal on question of law from the court of common pleas, Cuyahoga County.

An alternative writ of mandamus was issued upon the petition of the relator, reciting that she had been for some time employed as clerk to the mayor's court of the village of Euclid, Ohio. She held such position after examination and certification by the Civil Service Commission.

The council of said village by appropriate ordinance abolished such position and in such ordinance provided as follows:

"There shall be a first Assistant Director of Public Safety, who shall be paid the sum of Twenty-four Hundred ($2400.00) Dollars per annum, payable in semi-monthly installments. Said Assistant shall perform such duties as shall be delegated to him by the Director of Public Safety. He shall also be Clerk of the Mayor's Court and shall keep all documents, records and files of the Mayor's Court, and be in charge of the collection of fines and costs which shall monthly be paid to the Treasurer of the City. Said Assistant shall also be Clerk of the Justice of Peace Courts of Euclid Township. He shall be in charge of the filing and docketing of all cases in said Courts, the collection of the costs paid thereunder, and of the issuance of all summons, writs, subpoenas and other legal papers of said courts. All costs and deposits shall be paid to said Assistant, who shall be ex officio Clerk of said Courts and he shall monthly turn over to the Treasurer all costs received thereunder. Said Assistant shall give bond in the sum of One Thousand Dollars ($1000.00)."

There can be no question that the council had a right to abolish the position in question. It is contended, however, that the new position is practically indentical with that of Clerk of the Mayor's Court. This we do not find. The appointing authority is different, and the duties are different in scope and kind.

The relator does not seek to be appointed to the new position and the Safety Director is not made a party.

The respondent filed an answer, setting up a number of defenses which included the criticism herein set forth. The court overruled a demurrer to the answer and a motion of the respondent for judgment on the pleadings. This motion should have been granted and judgment for the respondent may be here entered.